AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the

Western District of Washington

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>Up to $54,000 in U.S. funds from<br>U.S. Bank, N.A. account 168403808970 * | )<br>)<br>)<br>)<br>)    Case No. 2:23-mc-00058-SKV |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____Western_____ District of _____Washington_____ is subject to forfeiture to the United States of America under ____18____ U.S.C. § § 981(a)(1)(C)* *(describe the property)*:

\* The funds held in the account is subject to seizure and criminal and civil forfeiture under 18 U.S.C. § 981(a)(1)(A), (C), § 982(a)(2), and 18 U.S.C. § 984 by way of 28 U.S.C. § 2461(c), as constituting or derived from proceeds of bank fraud in violation of 18 U.S.C. § 1344, and involved in money laundering in violation of 18 U.S.C. § 1956, § 1957.

The application is based on these facts:

Please see Attachment A, the supporting Affidavit of United States Postal Inspector Amy Kerkof in support of civil and criminal seizure warrants.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

Digitally signed by Amy J. Kerkof
Date: 2023.07.14 14:48:04 -07'00'

*Applicant's signature*

Amy Kerkof, United States Postal Inspector

*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: ___July 17, 2023___

*Judge's signature*

City and state: ___Seattle, Washington___

S. Kate Vaughan, U.S. Magistrate Judge

*Printed name and title*

USAO: 2023V00518

# ATTACHMENT A

**AFFIDAVIT**

STATE OF WASHINGTON )

)      ss

COUNTY OF KING )

I, Amy Kerkof, a United States Postal Inspector with the United States Postal Inspection Service, having been duly sworn, state as follows:

## AFFIANT BACKGROUND

1.      I am a United States Postal Inspector, assigned to the Seattle Division Headquarters office of the United States Postal Inspection Service, and have been employed as such for fifteen years. I am authorized to conduct investigations on behalf of the United States Postal Inspection Service.  I have previously conducted investigations involving criminal violations of Title 18, United States Code, Section 1343, Wire Fraud, Title 18, United States Code, Section 1341, Mail Fraud, and Title 18, United States Code, Section 1028A, Aggravated Identity Theft. I have participated in numerous financial crimes investigations involving violations of these statues and other federal statutes. I have experience in the collection and analysis of computer evidence in relation to criminal investigations.  My experience includes the collection of digital evidence from a variety of media sources such as hard drives, email accounts, and other digital storage devices.

2.      I am a graduate of Western Washington University and hold a bachelor's degree in sociology and psychology. My training includes, but is not limited to, the successful completion of the 12-week Basic Inspector Training through the Inspection Service Career Development Unit in Maryland. Since my employment with the United States Postal Inspection Service, I have received extensive training in investigating mail theft, identity theft, bank fraud, mail fraud, credit card fraud and conspiracy to commit such crimes.

AFFIDAVIT OF INSPECTOR KERKOF - 1
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3.     The facts set forth in this Affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; interviews of cooperating witnesses; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

4.     Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a seizure warrant, it does not set forth each and every fact that I or others have learned during the course of the investigation. I have set forth only those facts that I believe are necessary to establish probable cause that MICHAEL DEVION MACKAY committed bank fraud, in violation of 18 U.S.C. § 1344, and money laundering, in violation of 18 U.S.C. §§1956 and 1957, and that proceeds of the bank fraud scheme and property involved in money laundering were transferred into the account for which I am requesting a forfeiture seizure warrant. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substances and in part, except where otherwise indicated.

## INTRODUCTION AND PURPOSE OF AFFIDAVIT

5.     I submit this Affidavit in support of an application for a combined criminal and civil seizure warrant to seize the following:

a.     Up to $54,000 in U.S. funds from U.S. Bank account 168403808970 (the **SUBJECT ACCOUNT**).

6.     As set out below, there is probable cause to believe that the funds to be seized from the **SUBJECT ACCOUNT** constitute, or are derived from, proceeds traceable to a violation of 18 U.S.C. § 1344 (bank fraud). The funds are therefore subject to civil and criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2), 18 U.S.C. § 984, and 28 U.S.C. § 2461(c). I further submit that there is

AFFIDAVIT OF INSPECTOR KERKOF - 2
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   probable cause to believe that the funds to be seized are property involved in money
2   laundering, in violation of 18 U.S.C. §§ 1956 and 1957, or traceable to such property.
3   The funds are, therefore, also subject to civil and criminal forfeiture pursuant to
4   18 U.S.C. § 981(a)(1)(A) and (C), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 984, and 28 U.S.C.
5   § 2461(c).

6       7.      There is probable cause to believe that MICHAEL DEVION MACKAY
7   committed bank fraud, a "specified unlawful activity" pursuant to 18 U.S.C.
8   §§ 1956(c)(7) and 1961(1)(B), and deposited funds derived from proceeds of the bank
9   fraud into one or more financial accounts at BECU, then transferred at least $54,000 of
10  these proceeds from one of those BECU accounts to the **SUBJECT ACCOUNT** on or
11  about December 30, 2022. There is further probable cause to believe that MICHAEL
12  DEVION MACKAY committed money laundering and that the **SUBJECT ACCOUNT**
13  contains funds involved in money laundering, in violation of 18 U.S.C. §§ 1956
14  (concealment) and 1957 (spending).

15              **LEGAL AND FACTUAL PREDICATE OF BANK FRAUD**

16      8.      An individual commits bank fraud when he "knowingly executes, or
17  attempts to execute, a scheme or artifice . . . (1) to defraud a financial institution; or (2) to
18  obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or
19  under the custody or control of, a financial institution, by means of false or fraudulent
20  pretenses, representations, or promises . . . ." 18 U.S.C. § 1344.

21      9.      An individual commits money laundering in violation of 18 U.S.C.
22  § 1956(a)(1) when he knowingly conducts, or attempts to conduct, a financial transaction
23  with proceeds from specified unlawful activity, with intent to promote the specified
24  unlawful activity or evade taxes, or knowing the transaction is designed in whole or in
25  part to conceal or disguise the nature, location, source, ownership, or control of the
26  proceeds or to avoid transaction reporting requirements. 18 U.S.C. § 1956.

27

AFFIDAVIT OF INSPECTOR KERKOF - 3
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10. An individual commits money laundering in violation of 18 U.S.C. § 1957 when he engages, or attempts to engage, in a monetary transaction with proceeds of a specified unlawful activity in an amount greater than $10,000 by, through, or to a financial institution. 18 U.S.C. § 1957.

## FORFEITURE AND SEIZURE AUTHORITY

11. Violations of 18 U.S.C. § 1344 (bank fraud) are a form of "specified unlawful activity" under 18 U.S.C. § 1956(c)(7) and 18 U.S.C. § 1961(1)(B). Title 18, United States Code, Section 981(a)(1)(A) subjects to civil forfeiture, "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 . . . or any property traceable to such property." Title 18, United States Code, Section 981(a)(1)(C) subjects to civil forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' . . . or a conspiracy to commit such offense." The same property is subject to criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1) and (2), which provides that "[t]he court, in imposing sentence on a person convicted of an offense in violation of 1956, 1957, or 1960 of this title . . . [and] . . . a violation of, or a conspiracy to violate . . .section 215, 656, 657, 1005, 1007, 1014, 1341, 1343, or 1344 of this title, affecting a financial institution . . . shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation. *See* 18 U.S.C. § 982(a)(1) and (2).

12. In addition, 18 U.S.C. § 984 applies in any civil forfeiture action commenced not more than one year from the date of the underlying offense and in which the subject property constitutes, among other things, funds deposited in an account in a financial institution. Under Section 984(a)(2), "[a]ny identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section." Thus, a court may order the civil

AFFIDAVIT OF INSPECTOR KERKOF - 4
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  forfeiture of monies found in a financial account into which deposits of criminal proceeds

2  subject to forfeiture have been made, up to the amount of the forfeitable deposits that

3  have been made into the account within the prior one-year period, without the need for

4  tracing the funds to be forfeited to any specific forfeitable deposits.

5        13.    Property subject to civil forfeiture under these authorities may be seized

6  under 18 U.S.C. § 981(b), as incorporated by 18 U.S.C. § 982(b)(1). Section 981(b)(2)

7  authorizes such seizures based upon "a warrant obtained in the same manner as provided

8  for a search warrant under the Federal Rules of Criminal Procedure." Section 981(b)(3)

9  further permits the issuance of a civil seizure warrant "by a judicial officer in any district

10  in which a forfeiture action against the property may be filed" and provides that such

11  warrant "may be executed in any district in which the property is found."

12        14.    Property subject to criminal forfeiture under 18 U.S.C. § 982 may be seized

13  pursuant to 21 U.S.C. § 853(f). Section 853(f) provides that a court may issue a criminal

14  seizure warrant when it "determines that there is probable cause to believe that the

15  property to be seized would, in the event of a conviction, be subject to forfeiture and that

16  [a protective] order under [21 U.S.C. § 853(e)] may not be sufficient to assure the

17  availability of the property for forfeiture." Here, because the funds held in the **SUBJECT**

18  **ACCOUNT** may be easily withdrawn, transferred, or otherwise made unavailable for

19  forfeiture, a protective order may not be sufficient to ensure they remain available for

20  forfeiture. MICHAEL DEVION MACKAY is currently out of custody, so may access the

21  funds in these accounts at any time. For that reason, the United States seeks a criminal

22  seizure warrant, in combination with a civil seizure warrant.

23        15.    As described below, there is probable cause to believe that up to $54,000 in

24  funds held in the **SUBJECT ACCOUNT**:

25        a.    Are property constituting, or derived from, proceeds of MICHAEL

26  DEVION MACKAY's bank fraud, in violation of 18 U.S.C. § 1344;

27

AFFIDAVIT OF INSPECTOR KERKOF - 5
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

　　　　　　　b.　　　Are property involved in, MICHAEL DEVION MACKAY's money laundering, in violation of 18 U.S.C. §§ 1956 and 1957;

　　　　　　　c.　　　Are subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984, and to criminal forfeiture under 18 U.S.C. § 982(a)(1) and (2); and

　　　　　　　d.　　　Are subject to seizure via civil and criminal seizure warrants under 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f), respectively.

　　　16.　　　In this case, I respectfully request a seizure warrant be ordered in this district, which I intend to execute by service on US Bank, N.A. This Court is empowered to issue a civil seizure warrant for any property subject to civil forfeiture pursuant to 18 U.S.C. § 981(b), and a criminal seizure warrant for any property subject to criminal forfeiture pursuant to 21 U.S.C. § 853(f), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c). This Court has subject matter jurisdiction over a forfeiture matter under 28 U.S.C. § 1355(a). It has venue to issue the requested seizure warrant under 28 U.S.C. § 1355(b) because many of the acts giving rise to the forfeiture occurred in the Western District of Washington. Accordingly, this Court has both jurisdiction and venue to issue the requested seizure warrant.

## SUMMARY OF PROBABLE CAUSE

**The Bank Fraud Scheme**

　　　17.　　　On or about March 20, 2023, the United States Postal Inspection Service received a complaint from a Bank of America fraud investigator ("J.C."). J.C. explained there had been an unauthorized account takeover of an account belonging to First Christian Church and Seminary, later identified as account number 0000 XXXX 7004. According to J.C., the address change on the account was the first step in a fraudulent account takeover. Several large dollar wires and other transactions were attempted and transmitted totaling over $333,000. One transaction resulted in the delivery of over $137,000 of gold to the new address listed on the account.

AFFIDAVIT OF INSPECTOR KERKOF - 6
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18.     During the investigation, I have reviewed documents collected through legal process, obtained by consent, and that are publicly available, including but not limited to financial records.

19.     On or about March 30, 2023, I received account records, including video of ATM transactions from the account.

20.     Beginning on or around September 2022, the address of the First Christian Church and Seminary Account, account number 0000 XXXX 7004, at Bank of America was changed from 827 NW 195th St Shoreline, WA 98177 to an address associated with MICHAEL DEVION MACKAY ("Mackay's Residence"). The accountholders on the First Christian Church and Seminary account are Peter Y. Kimm and Soon H. Kimm.

21.     A review of law enforcement databases shows that this residence is owned by Douglas and Mary Mackay, who have two sons, Jonathan and Michael Mackay.

22.     On or around November 15, 2022, a request for a new debit card was made corresponding to Bank of America account 0000 XXXX 7004. The new card was mailed from Addison, Texas via USPS to Mackay's Residence. The card mailed to this address is card number 4701 XXXX XXXX 2330. Bank of America Corporation is headquartered in Charlotte, North Carolina.

23.     There were many different types of fraudulent transactions that occurred on this account. Three different types of transactions will be discussed in this affidavit: ATM withdrawals of cash, wire transfers, and PayPal transactions. The first transactions I reviewed were the ATM transactions.

24.     On December 6, 2022, a $1,400 ATM withdrawal was made at a Bank of America ATM in Lynnwood, WA. On December 7, 2022, a $1,500 ATM withdrawal was made at the same Bank of America ATM. On December 16, 2022, an $800 ATM withdrawal was made at a Bank of America ATM in Edmonds, WA. On December 19, 2022, an $800 ATM withdrawal was made at the Bank of America ATM in Lynnwood, WA, where the first two withdrawals were made. Bank of America provided surveillance

AFFIDAVIT OF INSPECTOR KERKOF - 7
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  video for each of the above-mentioned transactions. A review of the surveillance video

2  showed the transactions were completed by a young white male.

3        25.    On March 30, 2023, I requested identification from Washington

4  Department of Licensing (DOL) for both Jonathan and Michael Mackay. I compared the

5  ATM video with the ID Card photos provided by Washington DOL. From the pictures I

6  identified MICHAEL DEVION MACKAY (MACKAY) conducting all four ATM

7  transactions.

8        26.    I reviewed the ATM video of the December 6, 2022 transaction and

9  compared the ATM video with the ID Card photos provided by Washington DOL. Again,

10  I identified MACKAY conducting the ATM transaction. The ATM video shows

11  MACKAY is wearing a red Nike sweatshirt, a green Carhart hat and holding a distinctive

12  wallet, which appears to be black with a white coating or finish. Bank records for this

13  ATM transaction show it was conducted with the debit card ending in 2330, which is the

14  same debit card mailed to Mackay's Residence.

15        27.    I reviewed the ATM video of the December 7, 2022 transaction and

16  compared the ATM video with the ID Card photos provided by Washington DOL. Again,

17  I identified MACKAY conducting the ATM transaction. The ATM video shows

18  MACKAY is wearing a red Nike sweatshirt and holding what appears to be the same

19  distinctive black wallet with a white/silver color finish. Bank records for this ATM

20  transaction show it was conducted with the debit card ending in 2330, which is the same

21  debit card mailed to Mackay's Residence.

22        28.    I reviewed the ATM video of the December 16, 2022 transaction and

23  compared the ATM video with the ID Card provided by Washington DOL. Again, I

24  identified MACKAY conducting the ATM transaction. The ATM video shows

25  MACKAY is wearing a black and white skull sweatshirt with a white skull in the front

26  with red eyes, red eyes on the sleeves, and a decorative cross on the back. Bank records

27

AFFIDAVIT OF INSPECTOR KERKOF - 8
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  for this ATM transaction show it was conducted with the debit card ending in 2330,

2  which is the same debit card mailed to MacKay's Residence.

3       29.    I reviewed the ATM video of the December 19, 2022 transaction and

4  compared the ATM video with the ID Card provided by Washington DOL. Again, I

5  identified MACKAY conducting the ATM transaction. The ATM video shows

6  MACKAY is wearing what appears to be the same black and white skull sweatshirt with

7  a white skull in the front with red eyes, red eyes on the sleeves, and a decorative cross on

8  the back. In this video, you can see the suspect's state identification inside his wallet,

9  which is the same distinct black wallet observed in the prior videos. The state

10 identification card in MACKAY'S wallet appears to be the same as the identification

11 card for Michael Mackay that I obtained from Washington DOL. Bank records for this

12 ATM transaction show it was conducted with the debit card ending in 2330, which is the

13 same debit card mailed to Mackay's Residence.

14 **Purchase of Gold Coins and a Gold Bar from Gold Bullion International, LLC**

15      30.    On December 14, 2022, Gold Bullion International, LLC received an online

16 order for an existing customer, Peter Kimm. Approximately 40 (forty) one-ounce

17 American gold eagle coins totaling $78,754.40 and a one-kilo gold bar totaling

18 $59,129.33 were ordered with a shipping and billing address listed as Mackay's

19 Residence.

20      31.    The same day, a $137,883.73 wire transfer occurred from Bank of America

21 account number 0000 XXXX 7004 to Gold Bullion International, LLC. Records obtained

22 from Bank of America show this transaction was for order ID number 259682 for client

23 ID number 106703 in the name of Peter Kimm. These items were shipped in two separate

24 shipments from UPS and FedEx. Both shipments were sent to Mackay's Residence.

25      32.    On December 15, 2022, Gold Bullion International, LLC shipped 40 (forty) one-

26 ounce American Gold Eagle Coins from Dallas, Texas via FedEx tracking 392247933054,

27 which was delivered on December 19, 2022 to Mackay's Residence.

AFFIDAVIT OF INSPECTOR KERKOF - 9
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

33.     The same day, Gold Bullion International, LLC shipped a one-kilo gold bar via UPS tracking 1ZX574X6A600750208, which was delivered on December 21, 2022 to Mackay's Residence.

34.     On December 20, 2022, an online chat was initiated with Gold Bullion International, LLC from email address pyoonkimm@gmail.com by an individual identifying himself as Peter Kimm. The individual inquired about order ID number 259682, stating that he received only part of the order, the gold coins, and asking for the status of the rest of his order.

35.     Based on my knowledge and experience, I know that gmail is an email service provided and maintained by Google, LLC, which is headquartered in Mountain View, California.

36.     On April 19, 2023, I interviewed Peter Kimm regarding the transactions on his account. Kimm confirmed he did not place the order on December 14, 2022, with Gold Bullion International, LLC for 40 (forty) one-ounce American gold eagle coins totaling $78,754.40 and a one-kilo gold bar totaling $59,129.33. Kimm also confirmed that he did not authorize anyone to make that purchase from his account. Kimm confirmed that he had ordered from Gold Bullion International, LLC in the past, approximately five to six years ago. When asked about the email address pyoonkimm@gmail.com, Kimm confirmed that this was not his email address. Kimm did not give anyone permission to change the address on his Bank of America account nor did he give anyone permission to order a new debit card.

37.     On May 2, 2023, I reviewed records provided by PayPal associated with the Bank of America First Christian Church and Seminary Account, account number 0000 XXXX 7004. The PayPal account ending -6058 was opened on December 8, 2022 under the name of Peter Kimm and the business name First Christian Church & Seminary with an address of Mackay's Residence. On April 9, 2023, a second address was added to the PayPal account ending -6058: 5623 186th Pl SW Apt 1, Lynnwood, WA 98037 ("Lynnwood Residence").

//

AFFIDAVIT OF INSPECTOR KERKOF - 10
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

38.     PayPal records also show the account ending in -6058 was accessed by one or more Android Phone, specifically a Pixel 6 device on more than one occasion. Account activity shows this account was accessed via a mobile device 38 times from December 10, 2022 through April 10, 2023.

39.     Law enforcement databases show Cheyenne Allen resides at the Lynnwood Residence. A review of Allen and MACKAY's social media accounts show that they were or are currently in a relationship and have two children together.

40.     On May 3, 2023, postal inspectors observed MACKAY leaving the Lynnwood Residence at 7:30 am with Allen and a young child. Allen left the premises with the child in a vehicle belonging to Allen, a red Kia Soul. MACKAY then left the premises on a motorcycle bearing license plate 4J8036 and drove to Mackay's Residence. Records from Washington DOL show this motorcycle was purchased by MACKAY on April 17, 2023. The address provided for MACKAY for the purchase of the motorcycle was Mackay's Residence.

**Sale of the Fraudulently Obtained Gold**

41.     As noted above, MACKAY received two shipments of gold from Gold Bullion International, LLC, for which he paid $137,883.73 from BOA account ending x7004, which are proceeds of his bank fraud scheme:

a.     A shipment of 40 (forty) one-ounce American gold Eagle Coins, delivered to Mackay's Residence on December 19, 2022; and

b.     A shipment of a one-kilo gold bar, delivered to Mackay's Residence on December 21, 2022.

42.     During execution of a search warrant at Mackay's Residence, agents located financial documents, including a check stub for a check in the amount of $54,900 from Bellevue Rare Coins on December 21, 2022 and an ATM receipt reflecting that check was deposited to a BECU account on the same day. Agents also located a copy of a March 27, 2023 check from Bellevue Rare Coins to MACKAY in the amount of $62,275.

AFFIDAVIT OF INSPECTOR KERKOF - 11
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

43. I have reviewed records provided by Bellevue Rare Coins that reflect Bellevue Rare Coins made the following purchases of gold items from MACKAY on four occasions between December 2022 and March 2023:

| Date | Amount | Payment Method | Description |
|---|---|---|---|
| 12-21-2022 | $54,900 | Check | 30 American Eagle 1 oz gold bullion |
| 1-25-2023 | $1,955 | Cash | American Eagle 1 oz gold bullion |
| 2-10-2023 | $1,881 | Cash | American Eagle 1 oz gold bullion |
| 3-27-2023 | $62,275 | Check | Kilo gold bullion |
| **TOTAL** | **$121,011.00** | | |

44. Given the time sequence and the description of the property MACKAY received from Gold Bullion International, LLC and sold to Bellevue Rare Coins, I believe the funds Bellevue Rare Coins provided to MACKAY for the purchase of this property are proceeds of the bank fraud scheme. My review of financial documents located during execution of a search warrant at Mackay's residence and records provided by BECU indicates that MACKAY deposited most, if not all, of the funds he received from Bellevue Rare Coins into and through three accounts at BECU that he controls. My review of these documents also indicates that MACKAY sent a wire transfer in the amount of $54,500 – at least $54,000 of which can be traced to proceeds of the bank fraud scheme – to the **SUBJECT ACCOUNT** on or about December 30, 2022.

**Proceeds Transferred to the Subject Account**

45. The United States seeks a warrant to seize up to $54,000 in funds from the **SUBJECT ACCOUNT**, all of which derived from proceeds of MACKAY's bank fraud scheme and are directly traceable to MACKAY's sales of fraudulently obtained gold to Bellevue Rare Coins. MACKAY transferred more than $170,000 in funds derived from proceeds of his bank fraud scheme and directly traceable to his sales of fraudulently obtained

AFFIDAVIT OF INSPECTOR KERKOF - 12
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 gold to Bellevue Rare Coins to and through three accounts at BECU. At least $54,000 of

2 which he then sent, by wire transfer, to the **SUBJECT ACCOUNT**.

3    46.    MACKAY engaged in money laundering by transferring the proceeds of his

4 bank fraud and through the BECU accounts and the **SUBJECT ACCOUNT**, with the intent

5 to conceal or disguise the nature, location, source, ownership, or control of the proceeds or to

6 avoid transaction reporting requirements, in violation of 18 USC § 1956.  Several transactions,

7 including the $54,500 transfer to the **SUBJECT ACCOUNT**, involved proceeds in excess of

8 $10,000, so also constitute incidences of money laundering, in violation of 18 USC § 1957.

9    47.    The United States does not know if the specific funds transferred to the

10 **SUBJECT ACCOUNT** on December 30, 2022 still remain in the account, because it has not

11 yet received financial records for the **SUBJECT ACCOUNT**. Under the provisions of

12 18 U.S.C. § 984, the Court may order the civil forfeiture of monies found in a bank account

13 into which deposits of criminal proceeds subject to forfeiture have been made, up to the

14 amount of the forfeitable deposits that have been made into the account within the prior one-

15 year period, without the need for tracing the funds to be forfeited to any specific forfeitable

16 deposits.

17    48.    Between December 21, 2022 and May 4, 2023, MACKAY deposited a total of

18 $65,000 of criminal proceeds into a BECU account ending x2225 (BECU ACCOUNT 1);

19 $62,275 into a BECU account ending x2217 (BECU ACCOUNT 2); and $2,500 into a BECU

20 account ending x4865 (BECU ACCOUNT 3) (collectively, the BECU ACCOUNTS).

21 //

22

23 //

24

25 //

26

27 //

AFFIDAVIT OF INSPECTOR KERKOF - 13
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Date | Amount | Deposit To | Description |
|---|---|---|---|
| 12-21-2022 | $54,900.00 | BECU ACCOUNT 1 | ATM Deposit |
| 1-25-2023 | $500.00 | BECU ACCOUNT 1 | ATM Deposit |
| 3-28-2023 | $62,275.00 | BECU ACCOUNT 2 | Deposit |
| 3-28-2023 | $50.00 | BECU ACCOUNT 1 | Transfer from BECU ACCOUNT 2 |
| 3-29-2023 | $50.00 | BECU ACCOUNT 1 | Transfer from BECU ACCOUNT 2 |
| 3-31-2023 | $1,500.00 | BECU ACCOUNT 1 | Transfer from BECU ACCOUNT 2 |
| 4-4-2023 | $5,000.00 | BECU ACCOUNT 1 | Transfer from BECU ACCOUNT 2 |
| 4-11-2023 | $3,000.00 | BECU ACCOUNT 1 | Transfer from BECU ACCOUNT 2 |
| 5-4-2023 | $2,500.00 | BECU ACCOUNT 3 | Transfer from BECU ACCOUNT 2 |

49.     The funds transferred to the **SUBJECT ACCOUNT** are derived from the first of these deposits. On December 21, 2022, a $54,900 Bellevue Rare Coins check made out to Michael Mackay was deposited to BECU ACCOUNT **1** using an ATM:



AFFIDAVIT OF INSPECTOR KERKOF - 14
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The funds from this deposited check are entirely derived from proceeds of the bank fraud.

50.     Prior to this deposit, BECU ACCOUNT 1 held only $84.78. On December 29, 2022, four separate ATM deposits were made to BECU ACCOUNT 1, each in the amount of $100.  BECU ACCOUNT 1 received no other deposits before $54,500 was sent, by wire transfer, from BECU ACCOUNT 1 to a U.S. Bank account ending x8970, held in the name of Derek Calitis, on December 30, 2022 (the **SUBJECT ACCOUNT**).  My review of the underlying financial records indicates that at least $54,000 of the funds transferred from BECU ACCOUNT 1 to the **SUBJECT ACCOUNT** derive from proceeds of the bank fraud.

## CONCLUSION

51.     Based on the information above, I submit that probable cause exists to believe that up to $54,000 in funds held in the **SUBJECT ACCOUNT**:

a.     Are property constituting, or derived from, proceeds of bank fraud, in violation of 18 U.S.C. § 1344;

b.     Are property involved in money laundering, in violation of 18 U.S.C. §§ 1956 and 1957;

c.     Are subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984 and to criminal forfeiture under 18 U.S.C. § 982(a)(1) and (2); and

AFFIDAVIT OF INSPECTOR KERKOF - 15
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d.      Are subject to seizure via civil and criminal seizure warrants under 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f), respectively.

52.      For these reasons, I respectfully request the issuance of a warrant permitting the seizure, for forfeiture, of up to $54,000 from the **SUBJECT ACCOUNT**.

53.      This affidavit and application are being presented by reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3).

Digitally signed by Amy J. Kerkof
Date: 2023.07.14 14:50:19 -07'00'

AMY KERKOF, Affiant
Postal Inspector
United States Postal Inspection Service

The above-named agent provided a sworn statement to the truth of the foregoing affidavit by telephone on this ___17th___ day of July, 2023.

THE HONORABLE S. KATE VAUGHAN
United States Magistrate Judge

AFFIDAVIT OF INSPECTOR KERKOF - 16
USAO # 2023V00518

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970